## No. 601
### FODOR v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6008. Decided Jan. 18, 1926

1235. VERDICTS—On motion for directed verdict, plaintiff's evidence be given the most favorable construction.

Case should not be taken from jury when evidence supports at least one allegation of plaintiff's petition.

PER CURIAM.

Andrew Fodor entered suit against the Cleveland Railway Co., in the Cuyahoga Common Pleas, for injuries resulting from its negligence in operation of a certain street car.

Various allegations were pleaded in the petition and also the last chance doctrine. After Fodor had introduced his evidence, the company moved for a directed verdict and the court granted this motion.

Fodor prosecuted error to the Court of Appeals and the Company claimed that the lower court was justified in directing the verdict for the reason that Fodor failed to show any negligence on part of the Company and that he himself was contributorily negligent, so that a recovery would be barred.

The Court of Appeals held:

1. There is some evidence of the speed of the car; and also that there was a failure to ring the bell or give any warning, which is not challenged.

2. Upon motion to direct, the plaintiff's evidence must be given the most favorable construction.

3. Fodor's testimony that the motorman failed to check the speed of the car after he saw, or by exercise of care could have seen the danger in which he was situated supports one of the allegations of Fodor's petition.

Judgment reversed and cause remanded.

Attorneys—Bernsteen & Bernsteen, for Fodor; Squire, Sanders & Dempsey for Company; all of Cleveland.

---

## No. 602
### DAYTON (City) v. CAIN

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 683. Decided March 11, 1926

872. ORDINARY CARE—Failure of a pedestrian on city streets to exercise ordinary care to avoid accidents, precludes him from recovery in an action against the city for damages.

FERNEDING, J.

Catherine Cain brought this action against the city of Dayton for injuries sustained by her caused by a fall due to a defect in a sidewalk. She recovered a verdict of $12,500 in the Montgomery Common Pleas.

The lower court charged that there is no duty resting upon plaintiff to look for obstructions on sidewalks; that even though the obstruction existed prior to the accident and that plaintiff had not used the sidewalk for such length of time prior to the accident during which time the obstruction could have been remedied, she had the right to presume that the obstruction had been removed, regardless of her prior knowledge; and that if Cain were found to be free from negligence which was the proximate cause of, or did not contribute to the accident, by a preponderance of the evidence, the verdict was to be in her favor.

On error the Court of Appeals held:

1. These instructions were improper in view of certain facts testified to by the plaintiff in which she stated that she knew that the obstructions in question had existed for a period of years.

2. Under the testimony it became a question for the jury to determine whether the plaintiff exercised due care.

3. The above instructions were prejudicial error and necessarily resulted in a misconception by the jury of the true rule of contributory negligence.

4. A pedestrian upon streets of a city is required to exercise ordinary care to avoid accidents and upon failure to do so, such person would be precluded from recovery in an action against the city for damages.

Judgment of the lower court reversed.

Attorneys—J. B. Harshmal, Walter V. Snyder for City; Mattern, Brumbaugh & Mattern for Cain; all of Dayton.